DUFRESNE, Judge.
Plaintiff, Girard J. Fernandez, Jr., appeals a district court’s judgment sustaining the suspension of his driving privileges for 180 days by the Louisiana Department of Public Safety and Corrections, pursuant to LSA-R.S. 32:661 et seq., due to Fernandez’s alleged refusal to submit to a breath alcohol test. On September 20,1992, Girard J. Fernandez, Jr. (plaintiff) was arrested on suspicion of operating a motor vehicle under the influence of alcohol pursuant to LSA-R.S. 14:98 by a City of Kenner’s police officer and transported to the Kenner jail where he was advised of his rights and requested to submit to a breath alcohol test. Plaintiff initially refused to take the test until he could consult with his attorney by telephone. After a brief telephone conversation with his attorney, plaintiff advised the testing officer that he would submit to the test; however, the officer refused to administer the test because of plaintiffs original refusal.
Plaintiff requested and was granted an administrative hearing pursuant to LSA-R.S. 32:668(C) and contested the driver’s license suspension from the alleged refusal to submit to the breath alcohol test. At the hearing, plaintiff was the only witness, after which, on December 9, 1992, the Hearing Officer affirmed the 180 days suspension period.
From this decision plaintiff filed a lawsuit with the 24th Judicial District Court seeking a trial de novo and injunctive relief. After the trial, the court affirmed the suspension; now plaintiff has appealed. The issue in this case is whether plaintiffs driving privileges should be suspended for refusing to take a breath alcohol test. After a brief conversation with his attorney, he recanted his refusal and consented to the test within minutes of his refusal.
At trial, plaintiff testified and his attorney testified via stipulation, and, for the Department of Public Safety and Corrections (DPSC), Kenner Police Officer Kathryn Sclafini, testified as the arresting and transporting officer. The testing officer was not present at the trial.
Plaintiff testified that he wanted to make a phone call to his attorney before taking the breath test to find out whether he had any rights. He made this phone call approximately three minutes after the request, calling his father (attorney for plaintiff), who later testified that he advised his son (plaintiff) to take the breath alcohol test. Plaintiff advised an officer at the booking window that he would take the test, however, was advised by the testing officer that it was “too late”, that they would not allow him to take it.
Plaintiff testified that the breath alcohol machine was to his left within 10 feet and was not in use by another person.
Plaintiffs attorney corroborated plaintiffs testimony that he advised his client to take the test at the Kenner jail.
The only witness for DPSC was Officer Sclafini, whose testimony does not convince us that plaintiffs version of the facts is incorrect. Interestingly Officer Sclafini cannot recall certain important- details or was not present exactly when plaintiff recanted his refusal and consented to the breath alcohol test. Officer Sclafini’s testimony was inconsistent with plaintiffs testimony and the testimony of plaintiffs counsel.
The issue presented in this case has been presented before in Pickard v. State Dept. of Public Safety, 572 So.2d 1098 (La.App. 1st Cir.1990), whether a person, having once refused to take a breath alcohol test *1340 after being advised of the consequences of doing so, has a right to be administered a test upon thereafter reconsidering and requesting to be given the test. We agree with our Brothers in the 1st circuit, that there should be a flexible rule requiring the examination of the total circumstances on a case-by-case basis to determine whether a person should be allowed to withdraw his prior refusal to submit to a breath alcohol test. We find plaintiff’s subsequent consent was made within a reasonable time after his prior refusal; if tested it would have been accurate; the testing personnel, equipment and facilities were still available; the test would not have caused substantial inconvenience or expense to the Kenner police and plaintiff was in continuous police custody and observation since the time of his arrest.
We find plaintiffs timely recanting of his prior refusal to take the breath alcohol test consistent with our adoption of the “flexible rule” as delineated in Pickard v. State Dept. of Public Safety, supra.
For the reasons set forth above, the decision of the trial court and DPSC’s decision suspending plaintiffs driving privileges are reversed.

REVERSED AND RENDERED.